**ESTATE OF MOUCKEREZI.**

Supreme Judicial Court of Maine.

Argued Nov. 14, 1983.

Decided Dec. 16, 1983.

Tanous & Beaupain, Norman S. Heitmann, III (orally), East Millinocket, for plaintiff.

Law Offices of Dana C. Devoe, Kurt M. Meeuwenberg (orally), Dana C. Devoe, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Charles Mack, guardian of and conservator for the estate of Julia Mouckerezi, an incapacitated person, appealed from the judgment of the Penobscot County Probate Court awarding Dana C. Devoe, the guardian *ad litem* of Julia Mouckerezi, $8,184.04 for services rendered. Pending this appeal, Julia Mouckerezi died. Because a timely motion for substitution of party, pursuant to M.R.Civ.P. 25(a), has not been filed with this Court, we dismiss the appeal.

I.

The Penobscot County Probate Court appointed Charles C. Mack as guardian of his mother, Julia Mouckerezi, and conservator of her estate. Among the limitations placed on Mack's conservatorship was a provision that Dana Devoe, who had previously

been named guardian *ad litem* of Julia Mouckerezi, should continue to serve in that role, and receive from Charles Mack quarterly reports on the status of Mrs. Mouckerezi's estate. At the time the Probate Court order was entered Mrs. Mouckerezi, a 91-year-old woman residing in a nursing home in Howland, Maine, was the heir to her granddaughter's estate then being probated in the State of California. Mrs. Mouckerezi moved to Florida in October, 1982.

On December 28, 1982, Devoe filed a petition in the Probate Court seeking compensation for his services as guardian *ad litem*. Devoe asked for $8,634.04 for services, including disbursements and legal fees he incurred in California, to which Charles Mack objected. After a hearing, the court entered a judgment allowing Devoe all but $450 of the amount he had requested. On May 9, 1983, Charles Mack, as conservator of Julia Mouckerezi's estate, brought this appeal.

█ Dana Devoe, on July 8, 1983, filed a suggestion of death upon the record, pursuant to M.R.Civ.P. 25(a)(1), stating that Julia Mouckerezi had died during the pendency of this appeal. On November 3, 1983, Charles Mack filed with this court a motion to substitute "beneficiary Charles C. Mack as the proper party and appellant" in the pending appeal, reciting that Julia Mouckerezi had died June 20, 1983, and attaching a copy of her will naming Charles Mack as a beneficiary and executor/personal representative of her estate. Nothing in the record discloses that Julia Mouckerezi's will has been filed, proven, or admitted to probate.[1]

## II.

Maine Rule of Civil Procedure 25(a)(1) provides: [2]

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

In discussion of Rule 25(a)(1), *Maine Civil Practice* explains:

> Rule 25(a) provides for substitution of the executor or administrator of a deceased person as a party to an action in which the decedent was either plaintiff or defendant. . . .

> .  .  .  .  .

> Although Rule 25 is useful principally for actions pending in the Superior Court, the Law Court should take similar action in substitution of parties if the death or incompetency occurs while the action is pending in the Law Court.

1 Field, McKusick & Wroth, *Maine Civil Practice* § 25.1 at 406–07 (2d ed. 1970). This Court has followed the substitution

---

1. Although Charles Mack, as conservator of his mother's estate, was obligated "to prosecute or defend actions, claims or proceedings . . . for the protection of estate assets . . . ." 18–A M.R.S.A. § 5–424(c)(24), his duties as conservator terminated upon his mother's death. After the death of the protected person, it becomes the responsibility of the personal representative of the estate to prosecute or defend claims to protect the decedent's estate. 18–A M.R.S.A. § 3–715(22). The conservator may continue to maintain such suits only if no other person has been named personal representative

forty days after the protected person's death, and the conservator applies to the court for permission to exercise the powers and duties of a personal representative. 18–A M.R.S.A. § 5–425(e). Nothing in the record indicates that Charles Mack sought or received such permission.

2. M.R.Prob.P. 25 provides that "Rule 25 of the Maine Rules of Civil Procedure governs procedure in all proceedings in the Probate Courts."

procedure of Rule 25 when the death of a party occurs during the pendency of an appeal to this Court. *Downer v. Veilleux,* 322 A.2d 82, 83 (Me.1974) (representative of decedent's estate was substituted as party plaintiff pursuant to Rule 25(a) when appellant died prior to determination of her appeal to Law Court). *See also Warren v. Municipal Officers of Gorham,* 431 A.2d 624, 624 n. 1 (Me.1981); *McIntyre v. Plummer Associates,* 375 A.2d 1083, 1083 n. 1 (Me. 1977).

A motion for substitution must be made not later than 90 days after service of a suggestion of death. If there is no motion for substitution made within the 90-day period, the action may be dismissed. *Burleigh v. Weeks,* 425 A.2d 623, 623 n. 1 (Me.1981). Dismissal is not mandatory, despite the use of the word "shall" in the rule. M.R.Civ.P. 6(b) applies to motions to substitute.[3] Thus, the Court may extend the period for substitution if a request is made before the expiration of the 90-day period. The Court also may allow substitution on motion made after the expiration of the 90-day period on a showing that the failure to act earlier was the result of excusable neglect.

Charles Mack did not file a motion for substitution within the 90-day period required by Rule 25, nor did he seek an enlargement of that time pursuant to Rule 6(b). Accordingly, his motion for substitution is denied.[4]

The entry is:

Appeal dismissed.

All concurring.

---

**3.** M.R.Prob.P. 6 provides "Rule 6 of the M.R. Civ.P. governs procedure in all proceedings in the Probate Courts, so far as applicable."

M.R.Civ.P. 6(b) provides:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect, but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), 60(b), 73(a) and 74(a) and (*o*) except to the extent and under the conditions stated in them.

**4.** Although Rule 25 speaks only to the substitution of the "proper parties," we have no occasion to reach the question whether Charles Mack as "beneficiary" is a proper party to be substituted as appellant herein.