2000 ME 19

Anthony MANCINI

v.

Elizabeth SCOTT et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 28, 1999.
Decided Feb. 7, 2000.

F. Jay Meyer, Nicholas Bull, Thompson, Bull, Furey, Bass & MacColl, LLC, P.A., Portland, for plaintiff.

Walter F. McKee, Sumner H. Lipman, Lipman & Katz, P.A., Augusta, for defendants.

1. Mancini executed the lease as trustee for Alpine Properties.

2. Hasey died in December of 1998. Mancini filed a suggestion of death on the record and later moved for dismissal of the appeal as to Hasey, *see* M.R. Civ. P. 25(a)(1), and the Court (*Wathen, C.J.*) ordered that the motion be considered in conjunction with the merits of the appeal. Mancini moved to substitute Joseph M.A. O'Donnell, the personal representative for the estate of Elizabeth A. Hasey. The motion was not filed until October 27, 1999, the day before this case was considered on briefs. We deny the motion for the reasons stated in this opinion.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] This is an appeal from the denial of a motion for a judgment as a matter of law or for a new trial, *see* M.R. Civ. P. 50, 59, and from an award of attorney fees in a case involving a lease between lessor Anthony Mancini,[1] and lessees Elizabeth Scott, Ann Hasey, and Margaret Saunders. Hasey[2] contends that the Superior Court (Cumberland County, *Brennan, J.*) erred in not granting the Rule 50 or 59 motion, arguing that there was no evidence that she was obligated as a lessee under the lease at the time of its breach because she had not signed the renewal of the lease. Hasey further contends that the award of attorney fees and costs to Mancini was excessive, and, in any event, improper given that Hasey was improperly held liable under the lease. In addition, Scott and Saunders contend that the attorney fees awarded to them by the court for prosecuting their claim for wrongful eviction are inadequate, and appeal that award. Mancini contends that the appeal should be dismissed as to Hasey, and that Hasey's liability has already been finally determined in another legal action and may not be collaterally challenged. Because of a failure to comply with M.R. Civ. P. 25(a)(1), we dismiss Hasey's appeal, and we affirm the judgment of the Superior Court.

[¶ 2] The original lease between Mancini, as lessor, and Scott and Hasey, as lessees, was entered into in December of 1990. Scott leased the building to open a restau-

rant in Gardiner. Hasey, who was Scott's grandmother, signed the lease to insure that the restaurant would have adequate financial backing. She took no part in the operation of the restaurant. The leased premises included not only the restaurant proper but also the equipment, linen, furnishings, and other items necessary to operate a restaurant. The lease provided that Hasey issue a promissory note to Mancini for $10,000. Scott operated the restaurant as "Ashlie's" for several years before taking on Saunders as a partner and moving the operation to Hallowell in 1994. Scott and Saunders then operated a sports bar at the original location. A lease renewal and extension was signed by Scott as lessee in 1993, but was not signed by Hasey. Scott and Saunders also signed a 1994 amendment to the lease as lessees.

[¶ 3] Mancini initiated the present action on February 1, 1995, alleging conversion of property and breach of the lease. Scott, Hasey, and Saunders answered and counterclaimed, naming Mancini personally along with another establishment,[3] for wrongful eviction, trespass and conversion, intentional interference with their business, and intentional and negligent infliction of emotional distress. At some point, Scott and Saunders filed for protection in the Bankruptcy Court, and Mancini's action for conversion of property and breach of the lease against them was stayed. Their counterclaims against Mancini were allowed to proceed, however. Mancini elected to continue to prosecute his claims against Hasey. Following a contentious period of discovery and other pretrial proceedings, a jury trial was held in April of 1998. After the evidence was presented, the parties moved for judgments as a matter of law. The court concluded as a matter of law that Mancini had wrongfully evicted Scott and Saunders, and granted

judgment to Scott and Saunders on that claim. The court determined that there was insufficient evidence on the claim of Scott and Saunders for intentional interference with a business relationship, and granted Mancini's motion for judgment as a matter of law on that claim. The motions were denied in all other respects. The jury returned verdicts on the remaining counts. The jury found against Hasey on Mancini's claims for conversion and for breach of the lease. The jury determined that some of the leased personal property had been converted when the operation was moved to Hallowell, and that there was a breach of the lease because required payments had not been made.[4] Hasey was found liable to Mancini in the amounts of $15,000 for conversion of the leased property and $6,138 for breach of the lease. Hasey appealed from the denial of her motion for a judgment as a matter of law or for a new trial.

[¶ 4] Scott and Saunders were protected from Mancini's claims by the bankruptcy stay. The jury awarded them $2,000 for the wrongful eviction and $2,700 for the conversion of some of their property by Mancini. Following the jury verdicts, the parties litigated entitlement to attorney fees. Mancini sought some $57,132 in attorney fees arising from the claim for breach of the terms of the lease, while Scott and Saunders sought a total of $26,-173 in fees for the wrongful eviction. See 14 M.R.S.A. § 6014(2)(B) (Supp.1999). After a hearing, the Superior Court awarded $20,000 in attorney fees to Mancini, and $5,000 in attorney fees to Scott and Saunders, reasoning that although the jury had returned verdicts in favor of both parties, Mancini was "clearly the 'winner.'" The court further noted that Mancini had been "more flexible with respect to a reasonable settlement." Hasey appealed the award of

---

3. Claims against the other establishment and its proprietor were dismissed by stipulation of the parties.

4. Hasey contended she was not liable because she did not sign the lease extension and there-

fore was not a party to it. Mancini successfully argued that, in signing the lease extension, Scott was acting as Hasey's agent and had authority to bind her.

attorney fees to Mancini. Scott and Saunders have appealed the award of attorney fees to them.

[¶ 5] After initiating the present action, but prior to trial, Mancini filed forcible entry and detainer actions against Scott, Saunders, Hasey, and Ashlie's Pub [5] that were consolidated. The District Court (Augusta, *Anderson, J.*) held that the "defendants [Scott, Saunders, Hasey, and Ashlie's Pub] breached the lease" and granted Mancini's request for possession of the leased premises. An appeal of that decision was filed, but it was not pursued and was later dismissed.

[¶ 6] Thus, presently before this Court are: (1) Hasey's appeal from the denial of her motion for judgment as a matter of law or for a new trial, and from the award of attorney fees to Mancini; and (2) Scott's and Saunders' appeal of the award of attorney fees to them.

## I. SUBSTITUTION OF PARTIES

■■■ [¶ 7] Hasey died in December of 1998. Mancini filed a suggestion of Hasey's death on the record on February 22, 1999, and later filed a motion to dismiss Hasey's appeal. M.R. Civ. P. 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after the death is suggest-

ed upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

*Id.* We have noted that Rule 25 is subject to the provisions of Rule 6:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect, but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d), and (e), 60(b), and 73(a) except to the extent and under the conditions stated in them.

M.R. Civ. P. 6(b); *see Estate of Mouckerezi,* 468 A.2d 993, 996 (Me.1983).

[¶ 8] A motion for substitution should have been filed by May 25, 1999.[6] Without such a filing, the time period could be extended only by moving for an extension of time for "excusable neglect" under Rule 6(b)(2). No such motion was filed. Because no motion for substitution was filed in a timely manner, and there has been no assertion of excusable neglect, we dismiss the appeal as to Hasey. *See Burleigh v. Weeks,* 425 A.2d 623, 623 n. 1 (Me.1981); *see also* Field, McKusick & Wroth, *Maine Civil Practice* § 25.1 at 407 (2d ed.1970). As a result, we need not reach the issue of whether Hasey reasonably could have been found liable for breach of the lease

---

5. The initial forcible entry and detainer action named only Scott and Saunders as defendants. According to Mancini, a second action was filed naming Ashlie's Pub, Inc. and Hasey after Scott claimed the equipment and other property was in the possession of the corporate entity.

6. May 23, 1999 was a Sunday, and May 24, 1999 was Memorial Day; neither are included in the computation of time. *See* M.R. Civ. P. 6(a).

extension that she did not sign, nor do we address whether the District Court's judgment in the consolidated forcible entry and detainer actions bars relitigation of Hasey's liability.

## II. ATTORNEY FEES

■ [¶ 9] Scott and Saunders contend that the trial court abused its discretion in its award of attorney fees to them for the successful prosecution of their wrongful eviction claim. They argue that the award of fees to their attorney was too low, compared to the much higher award of fees to Mancini's attorney. Scott and Saunders assert that the award of fees was "nothing more than an apparent expression of the Superior Court's dissatisfaction with Scott and Saunders' successful claim [of wrongful eviction]," and that "[i]t was a substantial miscarriage of justice." They further contend that an "exceedingly minor" portion of the case was related to Mancini's claims for which the higher award of attorney fees was made.

■ [¶ 10] When reviewing an award of attorney fees, we review the trial court's decision "for abuse of discretion and accord the trial court substantial deference." *Town of Freeport v. Ocean Farms of Me., Inc.,* 633 A.2d 396, 399 (Me.1993). Generally, attorney fees may only be awarded where there is a contractual relationship allowing for the award of such fees or where there is explicit statutory authorization. *See Poussard v. Commercial Credit Plan, Inc. of Lewiston,* 479 A.2d 881, 883 (Me.1984). Here, the lease explicitly allows Mancini to obtain attorney fees, and Scott and Saunders can be awarded attorney fees for wrongful eviction pursuant to 14 M.R.S.A. § 6014(2)(B). When assessing a request for attorney fees, the trial court is to consider several factors. As we specified in *Poussard,* these factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Poussard,* 479 A.2d at 884.

[¶ 11] The Superior Court explicitly noted that it had "been guided by the discussion in *Poussard,*" and, in addition, noted that: (1) the parties were equally responsible for the fact that it was impossible to sort out the time spent on the various claims and counterclaims; (2) Mancini "was clearly the prevailing party" at trial; and (3) Mancini "was the more flexible and realistic party" with respect to reasonable settlement. Mancini was successful on both of his claims at trial, while Scott and Saunders were successful only on two of their several claims.

[¶ 12] The court considered the proper factors in awarding attorney fees to Scott and Saunders, and Scott and Saunders have failed to show that the court acted beyond its discretion in the award. Accordingly, we do not disturb the court's award of attorney fees.

The entry is:

Appeal of Ann Hasey dismissed; judgment affirmed.