STATE OF MAINE
Cumberland, SS.

SUPERIOR COURT
Civil Action
Docket No. CV-96-38

TED-Cum -5/18/2000

DAVID NEEL SMITH,
CANDACE SMITH, and
PEOPLES HERITAGE BANK,

       Plaintiffs

v.

JON M. DUNNING,

       Defendants

DECISION AND JUDGMENT
(Title to Real Estate Involved)

Plaintiffs are owners of real estate at 11 Dunning Street (Smith) and 9 Dunning Street (Peoples Heritage Bank, hereinafter "Peoples" or "Bank") in Brunswick. The defendant is the owner of adjacent property at 42 Pleasant Street. The plaintiffs' lots are adjacent to each other and the defendant's property abuts plaintiffs' property to the South.

The complaint alleges that the defendant knowingly moved a fence located on the common boundary up to 20 feet onto plaintiffs' land and claimed the area as his own. As relief, the plaintiffs seek a declaration that they are the owners in fee of the small parcel at issue here, and that the defendant trespassed, damaged and injured their property entitling them to recovery under 14 M.R.S.A. § 7752, *et seq.*, which includes statutory damages, attorney fees, professional expenses and costs. They also seek damages for common law trespass and punitive damages. The defendant denied the allegations and by counterclaim asserted similar claims against the plaintiffs, but did not allege malicious conduct for punitive damages.

After a review of the evidence, the court finds that the proper line for the common boundary, that is the southern boundary of plaintiffs' property and the northern boundary of defendant's land is as established by plaintiffs' Exhibit #1, the land survey by Dirigo Land Services, Inc. (Bruce Martinson).[1] This is a continuous line that runs N83 16'W from the southeast corner of the lot owned by the Bank (Point 906) 77.0 feet to the southeast corner of the lot owned by the Smiths (Point 905) and then 77.0 feet to the southwest corner of the Smith lot (Point 904).[2]

The defendant knowingly and willfully encroached upon plaintiffs' land, but the court does not find by clear and convincing evidence that his conduct was malicious to entitle plaintiffs to punitive damages. The erection of a fence on the property by defendant clearly interfered with plaintiffs' use and enjoyment of their property, but the court fails to find that defendant's actions caused permanent or substantial damage to the lots or property thereon.

A primary dispute here centers around plaintiffs' remedies for damages because of statutory changes that took place in 1995. The defendant's initial actions pre-dated the statutory change, but this lawsuit was not commenced until January of 1996, after the change.

Title 14 M.R.S.A. § 7552, *repealed by* P.L. 1995, ch. 450, § 2, provided for basic liability and damages for trespass and cutting, destroying, injuring or carrying away

---

1. Recorded in Cumberland County Registry of Deeds, Plan Book 195, Page 422, December 13, 1995.

2 These "points" are located on the Dirigo plan.

trees, wood, timber or goods or property, etc., or if anyone "injures or throws down any fence, bar or gates," etc. If the acts were committed willfully or knowingly, the tortfeasor "is liable to the owner in treble damages and . . . for the cost of any professional services necessary for the determination of damages, for attorney fees and for costs." *Id.*

In 1995, the Legislature introduced a different measure of damages that is dependent upon whether a person acted negligently, intentionally or knowingly, and whether the trespasser's actions result in an enforcement proceeding against the owner. If so, certain other costs, including attorney fees, are recoverable. Fees for professional services "in proving the claim" are also recoverable if written notice of a claim is provided. This is relevant in this case because there were no enforcement proceedings against plaintiffs and notice of a potential claim and attempts to settle the matter were initiated by plaintiffs.

The defendant argues that the 1995 version, with its more stringent damages limitations, in effect at the time the action was commenced, is applicable. The plaintiffs responded that the version of the statute in effect at the time the cause of action accrued is applicable because the changes were substantive rather than procedural, that is, the amendment affects the remedy available to the plaintiffs. An inference drawn from *Batchelder v. Tweedie*, 294 A.2d 443 (Me. 1972), is that if only one party is benefitted or penalized by the change in statute, then it is considered substantive rather than procedural. In support of this position, the Law Court later said "[t]he law of damages is a matter of substance which is fixed when the cause of

3

action accrues." *Howe v. Natale*, 451 A.2d 1198, 1201 (Me. 1982) (The statute, 14 M.R.S.A. §7552, was amended after the case was commenced). Plaintiffs also respond to defendant's policy arguments by stating that measure of damages at the time of accrual is the proper measure because all parties should have been aware of the consequences at the time that the actions occurred. It would be unfair to subject a defendant to potential damages that were not known at the time of his actions, even though in this case they may be more favorable.

The court determines that the older version (repealed in 1995) is applicable. Accordingly, the court finds that the defendant knowingly and willfully trespassed upon the property of the plaintiffs. The defendant's actions did cause minor injury to plaintiffs' property so that they are entitled to nominal damages of $250.00 each. Because the defendant's actions were willful and knowing, the basic damages are trebled to $750.00. Plaintiffs are also entitled to reimbursement of professional services, attorney fees, and court costs.

The court finds that plaintiffs paid $3,500.00 for the professional services of Dirigo Land Services, Inc., which services were necessary to establish plaintiffs' claim as a predicate to damages.

Each plaintiff has also submitted affidavits of counsel in support of their claims for attorney fees. The standards for the court to assess reasonable attorney fees are well established.

The court must consider the following:

(1) time and labor required;

4

(2) novelty and difficulty of the question;

(3) skill required to perform the legal services;

(4) preclusion of other employment by accepting this case;

(5) customary fee in the community;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client;

(8) amount involved and results obtained;

(9) experience, reputation, and ability of the lawyer;

(10) undesirability of the case;

(11) nature and length of professional relationship with the client; and,

(12) awards in similar cases.

*See Mancini v Scott* 2000 ME 19, ¶10, 744 A.2d 1057, 1061, which cites the foundational case of *Poussard v. Commercial Credit Plan of Lewiston*, 479 A.2d 881, 884 (Me. 1984).

Of these dozen points, numbers 4, 6, 7, and 8 are not applicable because of a lack of evidence or they are irrelevant to this case. The court has then considered plaintiffs' applications for fees in light of the other factors and in consideration of defendant's general objections that the number of hours (as opposed to the hourly rates) are excessive and that counsel has included routine expenses that are not recoverable. The court also notes that the record shows a meaningful effort on the part of counsel for the Smiths to settle the matter before instituting litigation.

5

The court agrees with defendant that the only "costs" recoverable are those permitted by rule or statute for which plaintiffs may submit a Bill of Costs pursuant to 14 M.R.S.A. § 1502-D.

Plaintiffs Smith are entitled to recover counsel fees in the amount of $6,000.00

Plaintiff Peoples is entitled to recover counsel fees in the amount of $5,000.00.

The Smiths' request for reimbursement of fees for Dirigo's services relating to trial (Exhibit B, to counsel's affidavit) are more properly to be included in the Bill of Costs as fees for an expert witness.

The clerk shall make the following entries on the docket as the judgement of the court:

1. The court establishes the boundary between the real estate now or previously owned by plaintiffs and the real estate now or previously owned by defendant as follows:

> The boundary line is established and shall forever be defined by that line set forth on the standard boundary survey prepared by Dirigo Land Services, Inc., dated December 12, 1995 and recorded in the Cumberland County Registry of Deeds in Plan Book 195, Page 422 (Survey) as that line begins from a point on the survey shown as point 906 and commencing in a direction N 83° 16' W and continuing without interruption to a point marked 905 and then continuing without interruption to a point marked 904 on said survey. The court adopts the survey for establishment of the common boundary line, and further, this court finds that the survey references to fences moved to locations shown on the survey and the survey references to an iron rod found and shown as recently moved are actual encroachments upon plaintiffs' property.
>
> The defendant, his successors, heirs, executors and assigns, and anyone claiming by, through, or under defendant, are and shall forever by enjoined from claiming any portion

of Plaintiffs' property and this court finds that the survey establishes, in all respects, all right, title and interest by parties, their successors and assigns, to the boundary between the parties' properties.

2. The plaintiffs shall cause a certified abstract of so much of this judgment as is relevant to paragraph 1, above, to be recorded in the Cumberland County Registry of Deeds. The terms and conditions of this judgment shall run with the land.

3. Plaintiffs David Neel Smith and Candace Smith are awarded judgment against defendant Jon M. Dunning in the amount of $750.00, plus interest and costs by statute and rule.

4. Plaintiffs David Neel Smith and Candace Smith are awarded attorney fees from the defendant in the amount of $6,000.00

5. Plaintiff Peoples Heritage Bank is awarded judgment against defendant Jon M. Dunning in the amount of $750.00, plus interest and costs by statute and rule.

6. Plaintiff Peoples Heritage Bank is awarded attorney fees from the defendant in the amount of $5000.00.

7. Plaintiffs are jointly awarded the cost of professional services of $3,500.00 to be paid by defendant.

8. Judgment for all plaintiffs on defendant's counterclaim.

9. The plaintiffs' Motion to Amend (increase) the pre-judgment attachment is granted. The court approves a new attachment, including trustee process, an amount not to exceed $17,500.00 for the benefit of all plaintiffs.

So ordered.

Dated:    May 18, 2000

Thomas E. Delahanty II
Justice, Superior Court

7

Date Filed __01-12-96__ ___Cumberland___ Docket No. ___CV96-38___
County

Action __Real Property__

DAVID NEEL SMITH
CANDACE H. SMITH
PEOPLES HERITAGE SAVINGS BANK

JON M. DUNNING

DONALD L. GARBRECHT
LAW LIBRARY

MAY 24 2000

vs.

Plaintiff's Attorney
~~Mark M. Waltz, Esq.~~ (David & Candace Smith)
~~P.O. Box 636~~ W/D
~~Brunswick, Maine 04011~~        JOHN F. BARNICLE, ESQ.
729-0856                          14 Main Street
                                  Brunswick, Maine
William K, McKinley, Esq. (Peoples Heritage)   04011  729-0856
P.O. Box 9711
Portland, Maine  04104-5011
780-6799

Defendant's Attorney
~~MARY LOU CIOLEI ESQ~~  W/D
~~98 MAINE STREET~~  725-6811
~~BRUNSWICK ME  04011-2066~~

Douglas Payne, Esq.
PO BOX 550
Brunswick ME 04011-0550
725-1368

| Date of Entry | |
|---|---|
| **1996** | |
| Jan. 12 | Received 01-12-96:<br>Complaint filed.<br>Summons filed.<br>Defendant served on 1-8-96. |
| "      " | |
| Jan. 25 | Received 01-25-96:<br>Defendant's Answer and Counterclaim filed. |
| Feb. 5 | Received 02-05-96:<br>Plaintiffs To Counterclaim of Defendant Response filed. |
| Feb. 6 | Received 02-06-96:<br>Plaintiff's Case File Notice and Pretrial Scheduling Statement Jury Demand Rule 38(b),M.R.CIV.P filed. |
| Mar. 21 | Received 03-19-96:<br>Expedited Pretrial Order filed. (Brennan. J.).<br>"Expedited Pretrial Order filed. Discovery to be Closed by 7-01-96. Case ordered placed on the Non-Jury trial list 30 days after clo of discovery By order of the presiding justice the Expedited Pretrial Order is incorp by reference in the docket."<br>On 03-21-96 Copies mailed to Mark M. Waltz, Esq., William McKinley, E and Mary Lou Ciolfi, Esq. |
| "      " | Order Supplementing Expedited Order filed. (Brennan, J.).<br>Pursuant to Rule 79(a) This Order is incorporated by reference.<br>On 03-21-96 Copies mailed to Mark m. Waltz, Esq., William McKinley, Es and Mary Lou Ciolfi, Esq. |
| May 16 | Received 05-16-96:<br>Plaintiff's Notification of Discovery Service filed.<br>Plaintiff's Notice of Deposition of Jon N. Dunning Served on Mary Lou Cio Esq. on 05-15-96. |
| May 20 | Received 05-20-96:<br>Plaintiffs' Designation of Expert Witness by Plaintiff, David Neel Smit Candace H. Smith and Peoples Heritage Savings Bank pursuant to M.R.CIV.P Rule 26 (b)(4) filed. |