**2002 ME 179**

**Todd ROTHSTEIN**

v.

**Barbara MALONEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 13, 2002.

Decided: Dec. 31, 2002.

Jean L. Walsh, Bourque & Clegg, Sanford, for plaintiff.

Gregory O. McCullough, Sanford, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Barbara (Rothstein) Maloney appeals from the order of the District Court (Springvale, *Janelle, J.*) ordering that her counsel, Gregory McCullough, pay Todd Rothstein $648 for attorney fees incurred to defend against a withdrawn motion to amend a qualified domestic relations order. Maloney, still represented by Attorney McCullough, argues that the District Court abused its discretion in its attorney fees award. We affirm, and because the appeal is frivolous, we impose sanctions.

[¶ 2] Because there is no transcript of the hearing leading to the award of attorney fees, the case history is based on the docket entries and documents in the file.

[¶ 3] This matter was extensively litigated prior to the divorce trial. A divorce trial commenced, but a settlement agreement was reached before the start of the second day of trial. On December 31, 2001, a Case Management Officer (*Stavros,* CMO) signed a divorce judgment reflecting the settlement agreement. The judgment incorporated a separate settlement agreement dated December 28, 2001.

[¶ 4] The settlement agreement included a provision that Barbara Maloney would be awarded a portion of Todd Rothstein's 401(k) profit sharing plan designated as the "employer account (1) profit share." Maloney's counsel, McCullough, was to prepare a qualified domestic relations order to secure transfer of this portion of the 401(k) account to Maloney. This or-

der, prepared by McCullough, was signed January 22, 2002. In February, after some correspondence with the plan administrator, McCullough contacted Rothstein's attorney seeking to change the qualified domestic relations order to designate payment of a fixed sum in lieu of the designated portion of the 401(k) account. McCullough alleged that this change was needed by the plan administrator to provide a prompt payout of the 401(k) account. This option would apparently have required Rothstein to pay a larger amount to Maloney because the value of the 401(k) plan had declined, as had most of the equity markets. Rothstein did not agree to the proposed change.

[¶ 5] After these discussions failed, McCullough filed a motion to approve an amended qualified domestic relations order on April 9, 2002. The proposed amended qualified domestic relations order would have significantly changed both the original qualified domestic relations order and the divorce settlement agreement. The proposed amendment directed that a fixed sum payment first be taken from two other portions of the 401(k) account, the "salary reduction" and "employer match" accounts, and then, only if those accounts were insufficient, from the originally designated "profit share" account.

[¶ 6] Rothstein's response objected to the motion, asserted that Maloney's motion was frivolous, and requested an award of attorney fees. Rothstein's opposition included a copy of a letter from McCullough to the plan administrator, dated April 11, 2002. This letter indicated that as of April 11, two days after the motion to amend the qualified domestic relations order had been filed, Maloney and McCullough were aware that the plan administrator was prepared to pay under the original qualified domestic relations order. Despite this knowledge, McCullough continued to press the motion to amend, requiring Rothstein

to file the opposition and request for attorney fees.

[¶ 7] A hearing on the motion was scheduled for June 25. On June 24, the day before the scheduled hearing, McCullough filed a letter withdrawing his motion to approve an amended qualified domestic relations order. He also filed a request for his own attorney fees. By this time, the payout had occurred in accordance with the original qualified domestic relations order.

[¶ 8] After the hearing on June 25, 2002, the court awarded Rothstein attorney fees of $648. After discussing the contentions of the parties, the court stated: "The court agrees with plaintiff that the motion is without merit and frivolous. It is hereby ordered that Attorney Gregory McCullough pay plaintiff Todd Rothstein $648 for the legal fees that he needlessly incurred as a result of Attorney McCullough's actions."

[¶ 9] Attorney McCullough filed a motion to vacate this order. Accompanying the motion were several affidavits attempting to paint McCullough's actions in a more favorable light. The motion was denied. This appeal followed.

[¶ 10] The appendix in support of the appeal includes the self-serving affidavits filed by McCullough, his secretary, and his client. In his argument to us, McCullough relies heavily on these post-hearing documents. Notably missing from the record, however, is a transcript of the June 25 hearing, which, it appears, was not recorded. No effort was made to provide a hearing record in lieu of a transcript. M.R.App. P. 5(d).

[¶ 11] Without a transcript, we must assume that the record fully supports the findings and discretionary choices made by the District Court as a result of the June 25 hearing. *Alley v. Alley*, 2002

ME 162, ¶ 2, 809 A.2d 1262, 1262; *State v. Nugent,* 2002 ME 111, ¶ 2, 801 A.2d 1001, 1002.

[¶ 12] The combination of (1) the lack of a transcript to indicate the representations, contentions and arguments that led to the court's order, and (2) the history of the case indicating that McCullough was aware, almost from the filing of his motion, that the motion was unnecessary, demonstrate that the matter presented to the District Court on June 25 and the appeal then brought to us are frivolous and apparently intended to prolong the litigation and drive up Rothstein's expenses in connection with this matter. In the circumstances, sanctions pursuant to M.R.App. P. 13(f) are appropriate.

The entry is:

Judgment affirmed. Pursuant to M.R.App. P. 13(f), Todd Rothstein is awarded treble costs and attorney fees. Remanded to the District Court for determination and award of the attorney fees incurred by Todd Rothstein in defending this appeal.