STATE OF MAINE

YORK, ss.

DOCKET NO. CV-01-198

PAF - YOR - 1/28/2003

PAUL THORNTON,

Plaintiff

DONALD L. GARBRECHT
LAW LIBRARY

JAN 30 2003

v.

ORDER
AND
DECISION

RICHARD ADAMS,

Defendant

Paul Thornton and Richard Adams were involved in an automobile accident on April 22, 1998. On August 6, 2001 the plaintiff filed a timely complaint claiming that Mr. Adams was negligent. On April 19, 2002 counsel for the defendant filed a suggestion of death upon the record, which was dated April 17, 2002, which noted that Mr. Adams had died.

Rule 25(a)(1) M.R.Civ.P. states that, "Unless the motion for substitution (of parties) is made not more than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." A timely substitution was not made and the defendant, after waiting patiently, filed a motion to dismiss dated October 9, 2002. The 90-day time limit in Rule 25(a)(1) can be extended after its expiration for excusable neglect. Rule 6(b),M.R.Civ.P. and *Estate of Mouckerezi*, 468 A.2d 993, 996 (Me. 1983) and *Mancini v. Scott*, 2000 ME 19, ¶¶7-8, 744 A.2d 1057, 1060. In this case there was no excusable neglect.

The rule is clear that "the action shall be dismissed." But is the dismissal to be with prejudice or without prejudice to the bringing of a separate action against the

estate? A review of the history of both the state and federal versions of Civil Rule 25, the limited Maine precedents dealing with dismissals of appeals, and the Field, McKusick and Wroth and Wright and Miller texts on civil practice do not provide a definitive answer.

A dismissal with prejudice certainly brings finality but works as a potential injustice against the plaintiff who will not have had his claim decided on its merits or lack of merits. Rule 41(b)(3), governing involuntary dismissals indicates that, "Unless the court in its order for dismissal otherwise specifies . . . any dismissal not provided for in this rule . . . operates as an adjudication upon the merits." The language permitting the court to otherwise specify suggests that the Superior Court has the discretion to have the dismissal be with or without prejudice.

The Maine Probate Code provides useful guidance in deciding how to exercise the discretion that the Superior Court has. The section on limitations on presentation of claims, 18-A M.R.S.A. §3-803, creates a statute of limitations or a "nonclaim" provision which would in this case, absent insurance coverage, prohibit a suit against the estate now that at least nine months have passed since the death of the defendant. However, 18-A M.R.S.A. §3-803(c)(2), states that nothing in this section affects or prevents: " . . . To the limits of the insurance protection only, any proceeding to establish liability of the decedent . . . for which the decedent . . . is protected by liability insurance."

The defendant has cited the case of *Anderson v. Yungkau*, 67.S.Ct.428, 329 U.S. 482, 91. L.Ed. 436 (1947). In that case Justice Douglas wrote of the then two year from time of death time limit for substitution as a statute of repose and wrote of the benefits of making certain that " ... The closing and distribution of estates might not be interminably delayed." See 485. Given our modern probate code the concerns of Justice Douglas, and the concerns of dissenting Justice Rutledge, may be met by a

dismissal without prejudice but a limitation on any recovery to the amount of any insurance coverage. The estate will be in no danger while the complaint can be decided on the merits.

Therefore the entry is:

Motion to dismiss is granted in part. Complaint is dismissed without prejudice subject to the limitation found at 18-A M.R.S.A. 3-803(c)(2).

Plaintiff's motion for leave to file late motion for substitution of parties is denied.

Dated:        January 28, 2003

Paul A. Fritzsche
Justice, Superior Court

Michael J. Welch, Esq. - PL
Roger O'Donnell, Esq. - DEF

STATE OF MAINE

YORK, ss.

MARC MOTORS, INC.,

        Plaintiff

   v.

CARDINAL'S SEAFARER
RESTAURANT, INC.,

       Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-261

*PAF - YOR - 1/27/2003*


DONALD L. GARBRECHT
LAW LIBRARY

JAN    2003

ORDER

After oral argument, a review of the memoranda of the parties and based on the

decisions of the Law Court in *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622

A.2d 1189, 1191-2 (Me. 1993) and *Electronic Media International v. Pioneer Communications*

*of America, Inc.*, 586 A.2d 1256, 1258-60 (Me. 1991) the entry is:

Defendant's motion to dismiss for lack of personal jurisdiction is denied.


Dated:       January 27, 2003

                                  Paul A. Fritzsche
                                  Justice, Superior Court


Lee H. Bals, Esq. - PL
R. Peter Taylor, Esq. - DEF.