MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2017 ME 98
Docket:       Pen-16-317
Submitted
  On Briefs:  April 27, 2017
Decided:      May 18, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

TERESA SANDS

v.

DONALD E. THOMAS

PER CURIAM

[¶1]  Teresa Sands appeals from a post-judgment order entered in the Superior Court (Penobscot County, *Mallonee, J.*), pursuant to 14 M.R.S. § 6014(2)(B) (2016), awarding her attorney fees of $8,000—an amount significantly less than the nearly $60,000 she requested—after a jury found Donald E. Thomas liable for illegal eviction and wrongful use of civil proceedings.

[¶2]  We review an award of attorney fees pursuant to section 6014(2)(B) "for abuse of discretion and accord the trial court substantial deference," *Mancini v. Scott*, 2000 ME 19, ¶¶ 4, 10, 744 A.2d 1057 (quotation marks omitted), recognizing that the "court is in the best position to observe the unique nature and tenor of the litigation as it relates to a request for

attorney fees," *Kezer v. Cent. Me. Med. Ctr.*, 2012 ME 54, ¶ 28, 40 A.3d 955 (quotation marks omitted).

[¶3]  In awarding fees of $8,000, the court explained that Sands's claim for illegal eviction was "uncomplicated" and based on "straightforward and almost completely undisputed" facts; and that "the litigatory effort in the case was increased by several orders of magnitude" because of "[t]he addition of claims for intentional and negligent infliction of emotional distress and the request for an award of punitive damages," which "greatly expanded the volume and complexity of the body of relevant facts[,] . . . increased the likelihood of trial[,] and lengthened the trial itself."  Because Sands did not include a transcript of the trial proceedings as part of the record on appeal, we assume that the record supports those findings.  *See Rothstein v. Maloney*, 2002 ME 179, ¶ 11, 816 A.2d 812.

[¶4]  Additionally, Sands argues that the court did not adequately explain the award of $8,000, as opposed to some other amount.  Although Sands filed a motion for additional findings of fact, she did not propose findings about the specific number of hours that an attorney would reasonably work on the case and on the illegal eviction claim in particular.  *See* M.R. Civ. P. 52(b) & Advisory Committee's Note to 2015 amend. ("[I]t is the

litigant's responsibility to include with the [Rule 52(b)] motion suggested findings that are both specific and supported by the record."); *Eremita v. Marchiori*, 2016 ME 160, ¶ 3, 150 A.3d 336. We therefore infer that the court properly made the factual findings needed to support its ultimate determination that an $8,000 fee award was "reasonable." *See* 14 M.R.S. § 6014(2)(B); *Sullivan v. Tardiff*, 2015 ME 121, ¶ 15, 124 A.3d 652.

[¶5] Of the five substantive claims, accompanied by a request for punitive damages, that Sands raised in her complaint, she prevailed on only two, and of those, as the court correctly observed, only the claim for illegal eviction could support an award of attorney fees. Although Sands argues that her non-fee claims arose from the illegal eviction and that she was therefore entitled to an award that reflected her attorneys' cumulative effort on the case, we have never held that a court is *required* to issue a cumulative award for both fee and non-fee claims when those claims are factually linked. *See Advanced Constr. Corp. v. Pilecki*, 2006 ME 84, ¶ 31, 901 A.2d 189. Further, regardless of whether the claims were factually related, we assume that the record supports the court's express finding that there was a distinction in complexity between the fee and non-fee claims. *See Rothstein*, 2002 ME 179, ¶ 11, 816 A.2d 812.

4

[¶6]  We therefore conclude that the court did not apply an improper legal standard in evaluating Sands's request for attorney fees, *see Advanced Constr. Corp.*, 2006 ME 84, ¶ 31, 901 A.2d 189, and that the court's ultimate fee award of $8,000 does not reflect any abuse of discretion, *see Kezer*, 2012 ME 54, ¶ 28, 40 A.3d 955; *Mancini*, 2000 ME 19, ¶ 10, 744 A.2d 1057.

The entry is:

Judgment affirmed.

_____

Julie D. Farr, Esq., Gilbert & Greif, P.A., Bangor, for appellant Teresa Sands

Donald Brown, Esq., Don Brown Law, Brewer, for appellee Donald Thomas

Penobscot County Superior Court docket number CV-2014-104
FOR CLERK REFERENCE ONLY