2000 ME 183

**Patrick McTEAGUE et al.**

v.

**DEPARTMENT OF
TRANSPORTATION.**

Supreme Judicial Court of Maine.

Argued Oct. 5, 2000.
Decided Oct. 27, 2000.

Nicholas Bull, Esq., (orally), F. Jay Meyer, Esq., Thompson, Bull, Furey, Bass & MacColl, LLC, P.A., Portland, for plaintiffs.

Michael R. Bosse, Esq., (orally), Rebecca H. Farnum, Esq., Thompson & Bowie, Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Patrick McTeague, G. William Higbee, Maurice A. Libner, Jonathan W. Reitman, James J. MacAdam, and James W. Case, trustees of the 17A Realty Trust (collectively, the trustees), appeal from a judgment in the Superior Court (Sagadahoc County, *Humphrey, J.*) vacating the decision of the State Claims Commission which had determined that just compensation for the taking of their property was $274,138 and finding instead that just compensation was $203,500. On appeal, the trustees contend that the court erred in determining the amount of the award and in failing to award them attorney fees. Because the determination of the amount of the award is supported by the record, and the refusal to award attorney fees was proper, we affirm the judgment.

## I. CASE HISTORY

[¶ 2] The trustees own a five-lot subdivision originally consisting of 11.35 acres located on the north side of Route 196 in Topsham, Maine. The subdivision was approved in 1987 and is intended for commercial development. The trustees improved the property by putting in an access road, water, sewer, and electricity, at a cost of approximately $300,000.

[¶ 3] On March 20, 1995, the Maine Department of Transportation (MDOT), pursuant to its powers of eminent domain, 23 M.R.S.A. § 154 (Supp.1999), acquired 1.59 acres of the Trust's property for the Topsham Bypass Project, a new highway connection that required realignment and improvement of Route 196. The property taken consisted of .40 acres from lot 1; 1.05 acres from lot 5; and .14 acres from the entrance road to the subdivision. Lot 5 was reduced to .43 acres making it smaller than the town's minimum lot size requirement. Therefore, lot 5 was combined with lot 4. Lot 1 was reduced to 1.72 acres, but remained a buildable lot under the town's requirements.

[¶ 4] The MDOT tendered $150,000 to the trustees as required by 23 M.R.S.A. § 154. The trustees believed the amount to be inadequate. Accordingly, the issue of whether the sum was just compensation was referred to the State Claims Commission pursuant to 23 M.R.S.A. § 155 (1992). After a hearing, the Commission determined that damages to the trustees from the taking were $274,138. Adding interest and crediting the $150,000 the State had already tendered, the additional award totalled $139,619.54. The MDOT then appealed to the Superior Court pursuant to 23 M.R.S.A. § 157 (1992 & Supp.1999).

[¶ 5] After a nonjury trial, the Superior Court entered judgment finding that just compensation was in the amount of $203,500, including interest. The court credited the $150,000 the State had tendered, resulting in an order for further payment of $53,500. The court also awarded MDOT its costs for the appeal pursuant to 23 M.R.S.A. § 157. The court denied the trustees' request for attorney fees.

[¶ 6] The trustees filed a motion for further findings of fact and a motion to alter or amend the judgment. The Superior Court denied both motions and awarded costs to MDOT in the amount of $1,607.17. The trustees appealed to this Court.

## II. JUST COMPENSATION

[¶ 7] Where property is taken for public use, an owner is entitled to receive just compensation. ME. CONST., art. I, § 21.[1] On appeal from the State Claims Commission, the Superior Court conducts an independent "de novo" determination of the just compensation award. 23 M.R.S.A. § 157. The trial court's findings as to just compensation pursuant to section 157 will be affirmed unless review of the record demonstrates that (1) there is no competent evidence in the record to support the findings; or (2) the findings are based on an improper application of the law to the just compensation calculation process. *See Merrill Trust Co. v. State*, 417 A.2d 435, 440–43 (Me.1980). *See also Hall v. Board of Environmental Protection*, 528 A.2d 453, 455 (Me.1987). When the record includes differing evidence as to the value of damages, a trial court may make an independent judgmental approximation of the damages based on all the facts and circumstances of the case. *See Merrill Trust Co.*, 417 A.2d at 441. A just compensation award based on a judgmental approximation is proper if "the evidence establishes facts from which the amount of damages may be determined to a probability." *Id.*

[¶ 8] The measure for just compensation in a partial takings case is the difference between the fair market value of the property immediately before the taking and the fair market value of the property remaining immediately after the taking. *See August Realty, Inc. v. Town of York*, 431 A.2d 1289, 1292 (Me.1981). The fair market value of the property taken is determined at the time of the taking. *See Orono–Veazie Water Dist. v. Penobscot County Water Co.*, 348 A.2d 249, 253, 255 (Me.1975).

[¶ 9] The court examined comparable sales of other property and found some of these sales to be relevant in assessing the value of the trustees' property. The court properly adjusted the comparable sales according to such variables as the date of sale, size, proximity, deed restrictions, and geographic influences as well as changes in the economy and market conditions. As factfinder, the court was not obligated to fix the value of the trustees' property at a number close to those of the comparable sales, but was permitted to use them to inform its decision. *See, e.g., Merrill Trust Co.*, 417 A.2d at 439–40. The court's conclusion as to value may differ from the competing experts' estimates so long as it is supported by the evidence. *See id.* at 440, 441.

[¶ 10] In calculating damages, the court did not improperly discount the increased value to the trustees' property, due to the bypass project, in determining the award. Pursuant to 23 M.R.S.A. § 154–A (1992), any decrease or increase in the fair market value prior to the date of valuation caused by the public improvement for which such property is acquired, or by the likelihood that the property would be acquired for such improvement, must be disregarded in determining just compensation for the property. Here, the

---

1. Section 21 reads as follows:
    Section 21. Private property shall not be taken for public uses without just compensation; nor unless the public exigencies require it.
    ME. CONST., art. I, § 21.

court discounted only the amount of a post-taking comparable sale to properly adjust for the increase in value from the project. No improper discounting was made in valuing the trustees' property itself. Therefore, the court had competent evidence to support its finding as to the value of the property taken, and its award of just compensation was not error. Having adequately stated the factual basis for its conclusions in its decision, the trial court also did not err in denying the trustees' request for further findings. *See Kleinschmidt v. Morrow,* 642 A.2d 161, 164 (Me.1994).

### III. ATTORNEY FEES

 [¶ 11] Attorney fees are awarded only when there is a contractual relationship allowing for the award of such fees or where there is explicit statutory authorization. *See Mancini v. Scott,* 2000 ME 19, ¶ 10, 744 A.2d 1057, 1061. *See also Goodwin v. School Admin. Dist. No. 35,* 1998 ME 263, ¶ 13, 721 A.2d 642, 646 ("a statutory right to recover attorney's fees will be found only in the clearest kind of legislative language") (quoting *Vance v. Speakman,* 409 A.2d 1307, 1311 (Me.1979)). No contractual relationship existed here, so our analysis focuses on whether section 157 explicitly authorizes the trustees to receive attorney fees.

[¶ 12] The trial court found just compensation for the trustees in the amount of $203,500, which was less than the $274,138 they had received before the State Claims Commission. Both of these awards were more than the $150,000 that was initially offered by the MDOT.

[¶ 13] Paragraph two of 23 M.R.S.A. § 157 addresses the awarding of attorney fees, stating "if the department appeals *and if the department does not prevail,* interest where such is due and costs shall be paid by the department and the owner or owners shall be reimbursed by the department for a reasonable attorney's fee." (Emphasis added.) The award of attorney fees therefore depends upon who must be considered the "prevailing party" under section 157. Specifically, if the award by the State Claims Commission is reduced upon appeal, but is still larger than the initial offer, the issue is whether the MDOT or the owner should be considered to have prevailed.

[¶ 14] Section 157 addresses only appeals from the State Claims Commission to the Superior Court. Taken in that context, the MDOT would not prevail on its appeal from a State Claims Commission award where the Superior Court either (1) did not reduce the State Claims Commission award; or (2) increased the State Claims Commission award, as the court would be authorized to do on a de novo appeal. Here, the Superior Court, on the MDOT's appeal, reduced the State Claims Commission award, making the MDOT the prevailing party on the appeal.

[¶ 15] Consequently, applying the requisite narrow interpretation of the attorney fees authorization in 23 M.R.S.A. § 157, the trustees are not entitled to attorney fees. *See Mancini,* 2000 ME 19, ¶ 10, 744 A.2d at 1061.

The entry is:

Judgment affirmed.