STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-03-28
JLH - PEN - 11/16/2004

FILED & ENTERED
UPERIOR COURT

NOV 16 2004

PENOBSCOT COUNTY

J.A. Rapaport Family Limited Partnership,
    Plaintiff

v.

Order (Plaintiff's Motion for
Partial Summary Judgment)

DONALD L. GARBRECHT
LAW LIBRARY

DEC 1 2004

City of Brewer,
    Defendant

Pending before the court is the plaintiff's motion for partial summary judgment. The court has considered the parties' submissions on the motion. Through the motion at bar, the plaintiff seeks a determination that the City of Brewer improperly reduced the amount of just compensation owed to the plaintiff, arising from a taking, which reduction was based on the City's subsequent abandonment of property that thereby became part of the remainder.

Granting a motion for summary judgment "is proper when the citations to the record found in the parties Rule 7(d) [now Rule 56(h)] statements demonstrate that no genuine issue of material fact has been generated and that a party is entitled to a judgment as a matter of law." *Acadia Insurance Co. v. Buck Construction Co.,* 2000 ME 154, ¶ 7, 756 A.2d 515, 517. An issue is considered genuine "if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial." *Prescott v. State Tax Assessor,* 1998 ME 250, ¶ 5, 721 A.2d 169, 171-72 (internal citation omitted).

The record on summary judgment establishes that the plaintiff owned land located at the intersection of the Pierce Road and Wilson Street in Brewer. Because of safety

1

concerns, pursuant to 23 M.R.S.A. § 3023, the City decided to reconfigure and relocate the end of the Pierce Road that intersects with Wilson Street. Within the meaning of section 6023, the City perfected its condemnation of a portion of the plaintiff's property on August 20, 2002.[1] During the spring and summer of 2004, the City rebuilt the relevant section of the Pierce Road, so that it is now located on the land that the City took from the plaintiff. The City dedicated the new section of the Pierce Road on August 17, 2004, and it formally discontinued the old section of the Pierce Road nearly two months later. This discontinued section consisted of 6,600 square feet. One week prior the August 17 dedication, the plaintiff sold to a third party at least that portion of the property that included the old section of the Pierce Road.

Because the parties were unable to come to terms for a purchase of the land that was the subject of the partial taking, the City caused an appraisal to be conducted. The appraisers concluded that the value of the property taken by the City is $99,449. However, the appraisers also concluded that the relocation of the Pierce Road created a benefit to the plaintiff, because the plaintiff would recover the land where the old Pierce Road had been located. The value of that land, in the view of the appraisers, is $58,382. After taking into account a further $4,000 adjustment that is not in issue here, the City determined the amount of fair compensation to be $37,067. On its motion for partial summary judgment, the plaintiff contends that the City was not entitled to reduce the amount of compensation due to it by the value of the discontinued section of the Pierce Road.[2] The resulting question is whether the amount of just compensation can be influenced by events that occur more than two years after the partial taking itself.

"The measure for just compensation in a partial takings case is the difference between the fair market value of the property immediately before the taking and the fair market value remaining *immediately* after the taking." *McTeague v. Department of Transportation*, 2000 ME 183, ¶ 8, 760 A.2d 619, 621 (emphasis added). Indeed, the Law Court has spent considerable effort in determining with precision when a taking

---

[1] The entire parcel is nearly one acre in size. Of that, the City took a total of .29 acre in fee simple.

[2] The plaintiff has made no claims challenging the taking itself. Rather, this case is limited to a determination of damages occasioned by the City's condemnation.

occurs, because that is the pivotal moment when the parties' rights and liabilities are fixed. *See Orono-Veazie Water District v. Penobscot County Water Co.,* 348 A.2d 249, 253 (Me. 1975). Here, the City effected its partial taking in August 2002. As of that time, the plaintiff lost the condemned land, and it also did not own the land associated with the old Pierce Road because the City did not discontinue the latter until more than two years later. The familiar measure of damages reiterated in *McTeague* does not leave room for just compensation to be quantified based on events that occur subsequent to the immediate time when the taking occurs.

The City argues that because of the construction process, the City was not ready to discontinue the original section of the Pierce Road until it had completed construction of the new section, and the partial taking necessarily preceded the commencement of that construction. The City further points out that the City had advised the plaintiff of its intention to discontinue the old section of road and that the plaintiff was therefore on notice of the prospects that it (the plaintiff) would obtain the site of the original way.[3] However, the facts of this case demonstrate why application of the *McTeague* measure of damages is appropriate. The nearly 26 month delay between the City's partial taking and its discontinuation constituted an extended period of time when the plaintiff did not own either the area of land that the City condemned in 2002 or the area under the original section of the Pierce Road. The City's expression of intent to discontinue that original section is not an adequate substitute for a valid creation of property rights. Just as it did, during the 26 month interim the plaintiff was fully entitled to convey the land it owned to a third party. In any such transaction, the plaintiff could not convey land that was owned by the City. Thus, neither of the roadway sites was transferred, because the plaintiff could not do so due to an absence of title. Thus, in an arms-length transaction such as the one that occurred here,[4] the grantor would be improperly deprived of full compensation under the City's analysis, because the just compensation paid by the City excludes the

---

[3] The plaintiff correctly challenges the basis for paragraph 3 of the City's statement of additional material facts. However, paragraph 4 of that statement makes the same point as it bears on the motion at bar.

[4] The record on summary judgment does not suggest that the conveyance was anything other than a proper and arms-length transfer, and the City makes no argument to the contrary. This case therefore does not raise the specter of a collusive conveyance.

value of the property that the landowner/grantor might receive sometime in the future, while the consideration paid by the grantee could only reflect the fact that the grantor in fact does not have title to the land that the municipality conceptually attributes to it (the grantor). The plaintiff thus does not receive a "windfall," as the City argues, because of the timing of this transaction.[5]

The parties have argued the applicability of section 154(2), which enumerates factors that are sometimes relevant to a determination of damages. In particular, the City contends that section 154(2)(F) allows consideration of "[s]pecial benefits" accruing to the landowner's remaining property. However, by their plain terms, section 154(2) generally and section 154(2)(F) specifically apply only when the taking creates severance damages, which are damages caused by the partial taking to the land that is not taken, *see* *Merrill Trust Co. v. State of Maine*, 417 A.2d 435, 440 (Me. 1980). Here, the parties' statements of material fact do not suggest – and the City does not argue – that the partial taking caused severance damages. Thus, for this reason alone, section 154(2) is inapposite here.[6]

Finally, the City argues that the delay between the partial taking and the discontinuation resulted from litigation involving a different client of plaintiff's counsel. This is immaterial to the rights and interests of the plaintiff itself, who –as far as this record suggests – had no involvement in that action. The fact remains that under established Maine law, the just compensation due to the plaintiff is a function of the value of the land as it existed immediately after its taking, not in its condition 26 months later.

The entry shall be:

For the foregoing reasons, the plaintiff's motion for partial summary judgment is granted. The amount of just compensation that is ultimately adjudicated to be due to the plaintiff shall include the value of the land where the discontinued section of the Pierce Road is located.

---

[5] It bears note that the court's conclusion does not turn on the plaintiff's sale of its property in August 2004. However, as is noted in the text, this transaction helps to explain the reasons why a measure of damages other than *McTeague*'s "immediately before"/"immediately after" formula may deprive the condemnor of just compensation.

[6] The City also notes that under section 3029, the damages provisions of section 154 may be used "as far as practicable."

4

Dated: November 16, 2004

_____
Justice, Maine Superior Court

J A RAPAPORT FAMILY LIMITED PARTNERSHIP - PLAINTIFF
1 JAMESON POINT ROAD
ROCKLAND ME 04841
Attorney for: J A RAPAPORT FAMILY LIMITED PARTNERSHIP
TIMOTHY A PEASE  - RETAINED 10/20/2003
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


vs
BREWER CITY OF - DEFENDANT
80 N MAIN ST
BREWER ME 044021401
Attorney for: BREWER CITY OF
JOEL DEARBORN  - RETAINED 12/01/2003
LAW OFFICE OF JOEL DEARBORN SR PA
120 NORTH MAIN STREET

BREWER ME 04412

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-RE-2003-00028


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: EMINENT DOMAIN
Filing Date: 10/20/2003

## Docket Events:

10/20/2003 FILING DOCUMENT - COMPLAINT FILED ON 10/20/2003

10/20/2003 Party(s):  J A RAPAPORT FAMILY LIMITED PARTNERSHIP
        ATTORNEY - RETAINED ENTERED ON 10/20/2003
        Plaintiff's Attorney: TIMOTHY A PEASE

10/20/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/20/2003
        - TO ATTORNEY FOR PLAINTIFF.

12/01/2003 Party(s):  BREWER CITY OF
        RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 12/01/2003
        BY DEFENDANT.

12/01/2003 Party(s):  BREWER CITY OF
        ATTORNEY - RETAINED ENTERED ON 12/01/2003
        Defendant's Attorney: JOEL DEARBORN

12/08/2003 ORDER - SCHEDULING ORDER ENTERED ON 12/08/2003
        JEFFREY L HJELM , JUSTICE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
        PARTIES/COUNSEL  (ADR PROCESS)

12/08/2003 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 09/01/2004

12/08/2003 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 12/08/2003
        JEFFREY L HJELM , JUSTICE

12/12/2003 Party(s):  BREWER CITY OF
        SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 11/13/2003