2005 ME 36

Pamela FRANCIS

v.

Colleen DANA–CUMMINGS.

Pamela Francis

v.

Pleasant Point Passamaquoddy Housing Authority.

Supreme Judicial Court of Maine.

Argued: Feb. 16, 2005.
Decided: March 10, 2005.

Curtis Webber, Esq. (orally), Linnell, Choate & Webber, LLP, Auburn, for plaintiff.

Kaighn Smith Jr., Esq. (orally), Drummond Woodsum & MacMahon, Portland, Norman P. Toffolon, Esq., Machias, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

RUDMAN, J.

[¶ 1] This case emanates from two separate but consolidated actions brought by Pamela Francis in the Superior Court (Washington County) against Colleen Dana–Cummings, the executive director of

the Pleasant Point Passamaquoddy Housing Authority (Housing Authority) at the time of the incident, and against the Housing Authority itself for damages resulting from an alleged illegal eviction that took place on or about February 24, 1998, at Francis's residence.[1] The Superior Court (*Gorman, J.*) granted a summary judgment in favor of Dana–Cummings, holding that the dispute between Francis and Dana–Cummings is an "internal tribal matter" pursuant to the Maine Indian Claims Settlement Act, 30 M.R.S.A. § 6206(1) (1996) and should be resolved in the Tribal Court. The Housing Authority sought a summary judgment in the Superior Court similarly invoking the "internal tribal matters" provision and argued that the Superior Court lacked jurisdiction to hear the case. The Superior Court denied the motion, citing our decision in *Francis v. Pleasant Point Passamaquoddy Hous. Auth.*, 1999 ME 164, 740 A.2d 575 (*Francis I*).

[¶ 2] The Housing Authority appeals from the denial of its motion for a summary judgment. Francis appeals the motion granting a summary judgment in favor of Dana–Cummings. Because the Housing Authority is not the Tribe and cannot invoke the Tribe's statutory protections, we affirm the denial of a summary judgment against the Housing Authority. For the same reasons, we vacate the summary judgment in favor of Dana–Cummings.

1. Francis filed an additional action in the Superior Court (Washington County) against the commissioners of the Housing Authority based on the same events. Francis and the commissioners have agreed to stay that action until this appeal is resolved.

2. One instance in which interlocutory appeals are allowed from orders denying motions for summary judgment is when the asserted basis

## I. DISCUSSION

[¶ 3] We review a summary judgment in the light most favorable to the party against whom the judgment was granted to determine if the successful party was entitled to judgment as a matter of law. *See Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65. The interpretation of a statute is reviewed de novo without any deference to the trial court's decision. *See Ashe v. Enter. Rent–A–Car*, 2003 ME 147, ¶ 7, 838 A.2d 1157, 1159; *Francis I*, 1999 ME 164, ¶ 5, 740 A.2d at 577. We construe a statute according to its plain and ordinary meaning, unless the result would be illogical or absurd. *See Francis I*, 1999 ME 164, ¶ 5, 740 A.2d at 577.

### A. Jurisdiction of the State Courts Over the Housing Authority

[¶ 4] The Housing Authority asserts that the Superior Court erred when it denied its motion for a summary judgment and that our decisions in *Francis v. Dana–Cummings*, 2004 ME 4, 840 A.2d 708 (*Francis II*), and *Great N. Paper, Inc. v. Penobscot Nation*, 2001 ME 68, 770 A.2d 574, have overruled our earlier holding in *Francis I*, 1999 ME 164, ¶ 8, 740 A.2d at 577–78.[2] We disagree. We reaffirm our earlier holding that the Pleasant Point Passamaquoddy Housing Authority "is neither a predecessor nor a successor to the Passamaquoddy Tribe.... [and] it cannot take advantage of protections designed for the tribe." *Francis I*, 1999 ME 164, ¶ 8, 740 A.2d at 578. Consequently, the Supe-

is the complete or qualified immunity of the defendant. *See Hawkes v. Commercial Union Ins. Co.*, 2001 ME 8, ¶ 6, 764 A.2d 258, 263. In this case, the Housing Authority's claim that it cannot be sued in state court pursuant to the "internal tribal matters" provision of 30 M.R.S.A. § 6206(1) (1996) is sufficient to justify this interlocutory appeal.

rior Court correctly denied the Housing Authority's motion for a summary judgment.

**B. Jurisdiction of the State Courts Over Dana–Cummings**

■ [¶ 5] Francis asserts that the Superior Court erred when it found that she was barred from pursuing her claims against Dana–Cummings in the Superior Court because the relevant statute applies only to the Passamaquoddy Tribe not to individual members of the Tribe. As a result, she argues that the "internal tribal matters" provision does not apply. We agree.

[¶ 6] Title 30 M.R.S.A. § 6206(1) provides, in relevant part:

> Except as otherwise provided in this Act, *the Passamaquoddy Tribe and the Penobscot Nation*, within their respective Indian territories, shall have, exercise and enjoy all the rights, privileges, powers and immunities . . . of a municipality of and subject to the laws of the State, *provided, however, that internal tribal matters*, including membership in the respective tribe or nation, the right to reside within the respective Indian territories, tribal organization, tribal government, tribal elections and the use or disposition of settlement fund income *shall not be subject to regulation by the State.*

30 M.R.S.A. § 6206(1) (emphasis added). We have never construed 30 M.R.S.A. § 6206(1) to permit an individual member of either the Passamaquoddy Tribe or the Penobscot Nation to invoke the protections of the "internal tribal matters" provision. Nor does the plain and unambiguous language of the statute permit such a construction. The "Passamaquoddy Tribe" is a statutorily defined term of art:

> **Passamaquoddy Tribe.** "Passamaquoddy Tribe" means the Passamaquoddy Indian Tribe as constituted on March 4, 1789, and all its predecessors and successors in interest, which, as of the date of passage of this Act, are represented by the Joint Tribal Counsel of the Passamaquoddy Tribe, with separate councils at the Indian Township and Pleasant Point Reservations.

30 M.R.S.A. § 6203(7) (1996). No language in this definition suggests that it would include the individual members of the Tribe. When the Legislature intended for sections of the Indian Claims Settlement Act to apply to the individual members of the Tribe, it did so expressly. *See* 30 M.R.S.A. § 6206(2) (1996) (emphasis added) ("The Passamaquoddy Tribe, the Penobscot Nation *and their members* may sue and be sued in the courts of the State. . . ."). Consequently, Dana–Cummings is not the Tribe and may not invoke the protections afforded to the Tribe by 30 M.R.S.A. § 6206(1).[3] The court erred in entering a summary judgment in favor of Dana–Cummings.

The entry is:

Judgment affirmed as to docket number CV–04–007. Judgment vacated as to docket numbers CV–02–007 & CV–02–037 and remanded to the Superior Court for denial of Dana–Cumming's motion for a summary judgment.

---

**3.** While it is true that the State may not interfere with "internal tribal matters," *see Great N. Paper, Inc. v. Penobscot Nation*, 2001 ME 68, ¶ 46, 770 A.2d 574, 588, we need not reach the issue of whether this dispute is an "internal tribal matter" because the Tribe is not a party to the action, *see Francis I*, 1999 ME 164, ¶ 8, 740 A.2d at 577.