STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                             CIVIL ACTION
                                            DOCKET NO. AP-05-097

GEORGE MORRILL

        Plaintiff

v.                                          ORDER ON
                                            DEFENDANT'S
                                            MOTION TO DISMISS

MAINE TURNPIKE
AUTHORITY

        Defendant

## BEFORE THE COURT

Before the court is defendant Maine Turnpike Authority's ("MTA")

motion to dismiss plaintiff George Morrill's ("Plaintiff") complaint for

mandamus and injunctive relief.

## BACKGROUND

On or about June 30, 2005, MTA took approximately 5 acres of Plaintiff's

land in Gray, Maine by condemnation, pursuant to 23 M.R.S.A. § 154. Plaintiff

rejected MTA's offer of compensation, and requested by letter, dated August 23,

2005, that the MTA refer the matter to the State Claims Commission

("Commission") for assessment of the damage pursuant to 23 M.R.S.A. § 155.

This section states:

> The department shall have 60 days from the date of taking within
> which to negotiate with the owner or owners of record for an
> agreement as to the amount of just compensation. If within that
> time the owner rejects the State's offer of just compensation, such
> owner may apply to the department and have the matter referred
> to the State Claims Commission for assessment of the damage. If, at
> the expiration of that time, no such agreement for just

1

compensation has been made, the department shall immediately file a petition with the State Claims Commission setting forth the pertinent facts including the names and addresses of the owner or owners of record and the holders of any mortgages, tax liens or other encumbrances, a copy of the notice of condemnation, the statement of the department and a plan of the property involved as served upon the owner or owners of record in accordance with section 154 and requesting a hearing and an award of just compensation.

On October 31, 2005, Plaintiff sent another letter to the MTA, stating that he had not heard from them regarding its referral of the just compensation matter to the Commission. On November 3, 2005, the MTA responded by letter, stating "we will be referring this matter to the State Claims Commission as you requested." Not having received notice of a referral to the Commission, Plaintiff served a Superior Court summons and complaint upon the MTA, sometime between December 5 and December 20, 2005. Apparently in response to Plaintiff's summons and complaint, the MTA did then file a petition with the Commission on December 23, 2005. On the same day, December 23, Plaintiff filed the 80C action with this court.

## DISCUSSION

The MTA now moves to dismiss Plaintiff's 80C complaint on two grounds, that (1) it is moot, and (2) the court lacks jurisdiction to act on it. The MTA also asserts that this court should not award Plaintiff attorneys' fees in this action because it is for the Commission, or the court on appeal, to award such fees, not this court.

Plaintiff responds that the MTA ignored its statutory duty to file a petition with the Commission within 60 days after the taking, and only filed such petition after Plaintiff had initiated proceedings against it in Superior Court, six months

2

rather than sixty days after the taking. Plaintiff no longer requests mandamus or injunctive relief from the court, but requests the court to retain jurisdiction to impose sanctions on the MTA, including an award of attorneys' fees to Plaintiff for bringing this action. Plaintiff asserts that the court has equitable jurisdiction to retain the case for this limited purpose, which jurisdiction was invoked by Plaintiff's prior inadequate remedy at law, during the period in which the MTA refused to comply with its statutory duty.

23 M.R.S.A. § 157 allows for an award of attorneys' fees only if the MTA appeals a Commission award to the Superior Court and loses on appeal. *See McTeague v. Department of Transportation*, 2000 ME 183, ¶ 13, 760 A.2d 619, 622. There does not appear to be any authority for granting attorneys' fees in this situation. However, as Plaintiff obtained the relief prayed for in this appeal, he is the prevailing party, and consequently he is entitled to the costs of filing this action.

**The entry is:**

> Defendants' motion to dismiss is GRANTED, as the appeal is moot.
> Costs are awarded to the Plaintiff.

Dated at Portland, Maine this /4ᵗʰ day of April , 2006.

Robert E. Crowley
Justice, Superior Court

3

Date Filed 12/23/05 — CIMBERLAND — Docket No. AP-05-97
                      County

Action ___ 80C APPEAL ___

GEORGE MORRILL                              MAINE TURNPIKE AUTHORITY

                                    vs.

Plaintiff's Attorney                        Defendant's Attorney
ROBERT S. HARK, ESQ.                        DEBORAH MANN, ESQ.
PO BOX 9711                                 PO BOX 4510
PORTLAND, ME 04104-5011                     PORTLAND, ME 04112-4510
780-6789                                    775-7271