STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    DOCKET NO: RE-06-190
                                                    RAC - CuM - 1/23/2008

WILLIAM C. BERRY, JR. and    2008 JAN 23  P 3: 41
PAMELA BERRY,

              Plaintiffs,

     v.                                    **ORDER ON CROSS MOTION**
                                           **FOR SUMMARY JUDGMENT**

THE TOWN OF YARMOUTH,
ROBERT MURRAY,
JAY SELBERG,
JOSEPH WALTMAN and                              DONAL
THE SEASHORE LAND ASSOCIATION                     LA
OF COUSINS ISLAND,
                                                 FEB 1 5 2008
              Defendants.


This case comes before the Court on cross-motion for Summary Judgment

pursuant to M.R. Civ. P. 56.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are largely undisputed. The sole issue in dispute is

the ownership and control of a certain portion of Ashland Avenue (Avenue),

located on Cousins Island (Disputed Parcel). Specifically at issue in this Cross-

Motion for Summary Judgment is the legal significance of a December 18, 1997

meeting of the Town of Yarmouth (Town) wherein certain public ways were

vacated (Vacation Order).

Plaintiffs William C. and Pamela Berry (the "Berrys") own several lots on

Cousins Island, including Lot 131, which abuts the Disputed Parcel. The Town

never paved the Disputed Parcel and the Berrys have considered it an extension

of their property. The Berrys claim that the Vacation Order effectively

1

discontinued the Avenue and that they now own a fee interest in the Disputed Parcel to the Avenue's center line.

Defendants Robert Murray, Jay Selberg and Joseph Waltman are also property owners on Cousins Island (Neighbors). Robert Murray and his wife own property abutting the Berrys' residential parcel. The Neighbors dispute the Berrys' control of the property and allegedly have entered the Disputed Parcel (and perhaps crossed onto the Berrys' Lot 131) and cut vegetation.

It is undisputed that the Town acquired a fee simple interest in the Avenue by two separate warranty deeds. The first segment was conveyed to the Town in 1978 and the remaining portion of the Avenue was conveyed by warranty deed in 1982. Upon each of those conveyances, the Town accepted the Avenue as a public way. On December 18, 1997, the Town entered an order vacating certain public ways on Cousins Island. A portion of the Avenue was included in that Vacation Order. Notice of the Vacation Order was made pursuant to 23 M.R.S.A. § 3027 (Vacation of proposed town way in land subdivision; revocation of dedication).

The Berrys assert that the Town's vacation of that portion of the Avenue in combination with its failure to use or improve it, amount to a discontinuance of that portion of the Avenue pursuant to 23 M.R.S.A. § 3026. Accordingly, the Berrys argue, pursuant to 23 M.R.S.A. 3031(2), a fee interest in the Disputed Parcel to the centerline of the discontinued Avenue transfers to them.

The Neighbors counter that the Vacation Order in no way impacts the Town's status as fee simple owner of the Disputed Parcel. Accordingly, the Berrys wrongfully claim sole control over the Disputed Parcel. Defendants Town of Yarmouth and The Seashore Land Association of Cousins Island join the

2

Neighbors in their Motion for Summary Judgment and in opposition to the Berrys' Motion for Summary Judgment.

## DISCUSSION

### I. Standard of Review

"Summary judgment is no longer an extreme remedy." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21. The purpose of summary judgment is to reach "judicial resolution of those matters that may be decided without fact-finding." *Id.* ¶ 7, 784 A.2d at 22. Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

### II. What is the Legal Impact of the December 18, 1997 Town Meeting on Ownership of the Disputed Parcel?

On December 18, 1997, the Town held a meeting wherein they voted to vacate certain public ways pursuant to 23 M.R.S.A. § 3027.

3

### a. Vacation Order

Under section 3027 a municipality may vacate in "whole or in part proposed ways that have not been accepted." 23 M.R.S.A. § 3027. In this case all parties agree that the Town had a fee interest in the Disputed Parcel at the time of the December 1997 meeting, and that the Town had accepted the Disputed Parcel as a public way (emphasis added). Accordingly, under the statute, the Disputed Parcel could not be vacated as a matter of law.

### b. Discontinuance

The issue then becomes whether the Town, in effect or by inference, discontinued their interest in the Disputed Parcel pursuant to 23 M.R.S.A. § 3026. The Berrys argue that they did and that consequently title transfers to them as abutters of the Disputed Parcel.

The Court will consider, *arguendo*, that discontinuance by inference did occur. A plain reading of the statute permits the municipality to "discontinue a town way or public easement. . . ." 23 M.R.S. § 3026(1) (2007). The statute does not refer to the underlying property right. *See id.* Accordingly, *even if* the December 18, 1997 meeting had the effect of discontinuance on the Disputed Parcel, it would only affect the parcel to the degree that the Town had accepted it as a public way (emphasis added).

This interpretation of the statute is supported at common law. *See City of Rockland v. Johnson*, 267 A.2d 382, 384 (Me. 1970). In that case the court held that a discontinuance only discharges "the previously existing encumbrance" but does not alter the underlying rights of the landowner. *Id.* (*citing Burr v. Stevens*, 38 A. 547 (Me. 1897)); *See also J.A. Rapaport Family Ltd. P'ship v. City of Brewer*, 2005 ME 89, ¶ 6, 877 A.2d 1077, 1079 (considering the underlying title to the

property to be taken by the municipality for a public way in determining damages due).[1]

Consequently any rights that were intended to be relinquished by the Town at the December 18, 1997 meeting effected only the use of the Avenue as a public way, not the Town's fee interest in the Disputed Parcel.

## Therefore, the entry is:

Defendants' Motion for Summary Judgment on Count I and Count II is GRANTED.

This Court declares that The Town of Yarmouth retains its fee interest in the Disputed Parcel.

Plaintiffs' Motion for Summary Judgment on Count I and Count II is DENIED.

Plaintiffs' Count III and IV in Trespass are viable only to the degree the allegations are for Trespass on Plaintiffs' Lot 131.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this __$\cancel{3}$__ day of _____ 2008.

Roland A. Cole
Justice, Superior Court

---

[1] This interpretation is also supported by the Law Court's interpretation of the Paper Streets Act (23 M.R.S.A. §§ 3031-3035). *See Driscoll v. Mains*, 2005 ME 52, ¶ 9, 870 A.2d 124, 127. The *Driscoll* Court stated that the Paper Streets Act "was promulgated to clarify the ownership of unclaimed paper streets, not streets that had been validly conveyed by a deed." *Id.*

5

. Box 287
laine 04112-0287

CHARLES KATZ LEVY ESQ
PO BOX 586
PORTLAND ME 04112

*Plaintiff*

land County
 Box 287
aine 04112-0287

KURT OLAFSEN ESQ
75 PEARL STREET
PORTLAND ME 04101

*Murray, Selberg*

*Seashore Land Assic*
*of Cousins Island*

*Coastman*

rland County
 Box 287
aine 04112-0287

GEOFFREY HOLE ESQ
PO BOX 9729
PORTLAND ME 04104

*Town of Yarmouth*