MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2016 ME 160
Docket:       Pen-15-573
Submitted
  On Briefs:  September 29, 2016
Decided:      October 25, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

MARIE J. (MARCHIORI) EREMITA

v.

CRISTIANO A. MARCHIORI

GORMAN, J.

[¶1]   Marie J. (Marchiori) Eremita and Cristiano A. Marchiori were married in 1990; they have no minor children.  Eremita instituted divorce proceedings in the District Court (Bangor) against Marchiori in 2012 on the ground of irreconcilable differences.  *See* 19-A M.R.S. § 902(1)(H) (2015).  By judgment dated August 14, 2015, the court (*Jordan, J.*) divided the parties' assets and debts, awarded Eremita spousal support, denied her request for retroactive interim support, and denied her request for attorney fees.  Eremita filed a single motion purporting to request further findings of fact and conclusions of law, a new trial, and alteration or amendment of the judgment. *See* M.R. Civ. P. 52(b), 59(a), (e).  She now appeals from the court's denial of her motion.  *See* 14 M.R.S. § 1901 (2015); M.R. App. P. 2(b)(3).

[¶2] Among Eremita's contentions is her argument that the court erred by denying the portion of her motion that requested further findings of fact and conclusions of law. We review the court's decision for an abuse of discretion. *Dalton v. Dalton*, 2014 ME 108, ¶ 21, 99 A.3d 723.

[¶3] Pursuant to M.R. Civ. P. 52(b), a party may seek additional findings of fact and conclusions of law by filing a motion no later than fourteen days after the entry of judgment. That motion "must include the proposed findings of fact and conclusions of law requested." M.R. Civ. P. 52(b); *see* M.R. Civ. P. 52(b) Advisory Note to 2015 amend. ("Because it is important for the court to be apprised of the issues the moving party wishes to have addressed, the rule now requires that . . . it is the litigant's responsibility to include with the motion suggested findings that are both specific and supported by the record."). Eremita's motion did not include any proposed findings and therefore did not comply with the requirements of Rule 52(b). With no proper motion for further findings and conclusions before it, the court did not err by denying Eremita's request for relief.

[¶4] Eremita's remaining contentions—regarding the court's denial of her request for a new trial and for amendment of the judgment, division of marital and nonmarital property, calculation of spousal support, and denial of

attorney fees—are not persuasive and we do not address them further. *See* 19-A M.R.S. §§ 105(1), 951-A, 953 (2015); M.R. Civ. P. 59(a), (e); *Viola v. Viola*, 2015 ME 6, ¶¶ 7, 9, 11, 109 A.3d 634; *Madore v. Me. Land Use Regulation Comm'n*, 1998 ME 178, ¶ 15, 715 A.2d 157; *Larochelle v. Cyr*, 1998 ME 52, ¶ 8, 707 A.2d 799.

The entry is:

> Judgment affirmed.

---

**On the briefs:**

Martha J. Harris, Esq., Paine, Lynch & Harris, P.A., Bangor, for appellant Marie J. (Marchiori) Eremita

David M. Lipman, Esq., and Peter B. Bickerman, Esq., Lipman & Katz, P.A., Augusta, for appellee Cristiano A. Marchiori

Bangor District Court docket number FM-2012-711
FOR CLERK REFERENCE ONLY