STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-13

WELLS FARGO BANK, N.A., as Trustee for
Aegis Asset Backed Securities Trust
Mortgage Pass-Through Certificates,
Series 2004-4,

        Plaintiff,

        v.

AEGIS LENDING CORPORATION,

        Defendant,

        and

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. as nominee for AEGIS LENDING,
CORPORATION, NANCY J. BELL, STILLWATER
HEALTH CARE INC., EMERA MAINE f/k/a BANGOR
HYDRO-ELECTRIC COMPANY, and MAINE
DEPARTMENT OF TRANSPORTATION,

        Parties-In-Interest.

**DECISION**

Presently before the Court is Plaintiff Wells Fargo Bank, N.A., as Trustee for Aegis

Asset Backed Securities Trust Mortgage Pass-Through Certificates Series 2004-4's Motion

for Additional Findings of Fact pursuant to M.R. Civ. P 52(b) and for an Amendment of

Judgment pursuant to M.R. Civ. P. 59(e), filed on July 28, 2017. Plaintiff's Motion seeks

redress from the Court's Order dated July 13, 2017. For the reasons stated below, the Court

denies the Motion.

1

## II.    BACKGROUND

The pertinent facts for the instant Motion can be briefly summarized as follows. Plaintiff filed its Complaint on January 20, 2017, seeking the Court to Order that Plaintiff is the owner of a mortgage executed by Nancy Bell and Helen Fonsell on July 10, 2004, and purportedly assigned by Mortgage Electronic Registration Systems, Inc. ("MERS") to Plaintiff on January 31, 2013.

Plaintiff filed its Complaint on January 20, 2016, seeking quiet title and declaratory judgment. On July 29, 2017, the Court held a hearing and Plaintiff argued that it was the owner of the mortgage at issue, because Plaintiff possesses the original note and mortgage; 33 M.R.S. § 508 validates the otherwise ineffective assignment from MERS; and that Ms. Bell did not have standing to challenge Plaintiff's ownership of the mortgage through the assignment from MERS.[1] The Court issued an Order dated July 13, 2017, rejecting Plaintiff's arguments and entering judgment in favor of Defendant and Parties-in-Interest. Plaintiff timely filed this Motion, and states that the Court failed to address Plaintiff's equitable trust argument.

## II.    STANDARD OF REVIEW

Pursuant to M.R. Civ. P. 52(b), the "court may. . . amend its findings or make additional findings and may amend the judgment if appropriate." However, the court need not grant every request. *In re Jacob B.*, 2008 ME 168, ¶ 15, 959 A.2d 734 ("A trial court is not required to make further findings in response to every post-judgment request for findings pursuant to M.R. Civ. P. 52(a)."). Any motion made under M.R. Civ. P. 52(b) "must include the proposed findings of fact and conclusions of law requested." *Id.*

---

[1] Plaintiff's Counsel briefly stated that "There's certainly a trust . . . but it's more than that . . ." Other than that brief statement, Plaintiff did not otherwise develop or address its equitable trust argument.

Motions brought under M.R. Civ. P. 52 do not provide a forum for the unsuccessful party to reargue their case. *Wandishin v. Wandishin*, 2009 ME 73, ¶ 19, 976 A.2d 949. ("Requests for additional fact-findings pursuant to M.R. Civ. P. 52(b) should not be used to attempt to require the court to explain its reasoning in reaching a particular result or to reargue points that were contested at trial and have been resolved by the court's decision.").

Motions made pursuant to M.R. Civ. P. 59(e) need not be granted unless "it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." *Cates v. Farrington*, 423 A.2d 539, 541 (Me. 1980) ("when the trial is before a judge without a jury, such motions must be based on a manifest error of law or mistake of fact."). The burden of proving harmful error rests with the moving party. *Clifford v. Klein*, 463 A.2d 709, 714 (Me. 1983).

## III. DISCUSSION

As a threshold matter, Plaintiff has not filed or offered proposed findings of fact required by M.R. Civ. P. 52(b). Plaintiff's neglect provides grounds for the Court to dismiss Plaintiff's Motion. *See Eremita v. Marchiori*, 2016 ME 160, ¶ 3, 150 A.3d 336 ("Eremita's motion did not include any proposed findings and therefore did not comply with the requirements of Rule 52(b). With no proper motion for further findings and conclusions before it, the court did not err by denying Eremita's request for relief.").

Even reaching the substance of Plaintiff's Motion, the Court is not persuaded that Plaintiff is entitled to relief. Plaintiff states that the Court "did not consider the equitable trust argument made by Plaintiff on June 29, 2017, in open court." Plaintiff fleetingly

3

mentioned a "trust," at the Hearing, but did not in any way develop its equitable trust argument at the Hearing.

Furthermore, at the end of its July 13, 2017 Order, the Court stated:

> As the Law Court has addressed and rejected the proof provided by Plaintiff in this case, the Court does not find that Plaintiff is the owner of the mortgage. *See also United States Bank Trust, N.A. v. Accredited Home Lenders*, CV-15-228, 2017 Me. Super. LEXIS 60, at \*5 (May 2, 2017) (*"The court cannot decide here that the holder of the mortgage note, as a transferee of MERS as nominee for defendant mortgagee, is the owner of the mortgage as beneficiary of an equitable trust held by defendant without contradicting the Law Court's determination in Greenleaf."*).

*Wells Fargo Bank v. Aegis Lending Corporation*, PENSC-CV-2016-013 (Pen. Super. Ct., Pen. Cty., July 13, 2017) (emphasis added). The plaintiff in *Greenleaf* also raised the equitable trust argument, and it was rejected. (*see* Def.'s Ex. 1 at 11 ("[B]oth Maine and Massachusetts have long followed the basic tenet that if the note and mortgage are held by different entities, the mortgage holder holds the mortgage in trust for the holder of the note.").) Moreover, the plaintiff in *Greenleaf* cited to the same cases that Plaintiff relies upon in its present Motion. For all of these reasons, the Court declines to amend or alter its . Order dated July 13, 2017, and denies Plaintiff's Motion.

The Entry is:

1) The Court **DENIES** Plaintiff's Motion for Additional Findings of Fact and for an Amendment of Judgment.

2) This Order shall be incorporated into the docket by reference pursuant to M.R. Civ. P. 79.

Dated: August __, 2017

Ann M. Murray, Justice
Superior Court

STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-13

WELLS FARGO BANK, N.A., as Trustee for
Aegis Asset Backed Securities Trust
Mortgage Pass-Through Certificates,
Series 2004-4,

       Plaintiff,

       v.

AEGIS LENDING CORPORATION,

       Defendant,

       and

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. as nominee for AEGIS LENDING,
CORPORATION, NANCY J. BELL, STILLWATER
HEALTH CARE INC., EMERA MAINE f/k/a BANGOR
HYDRO-ELECTRIC COMPANY, and MAINE
DEPARTMENT OF TRANSPORTATION,

       Parties-In-Interest.

**DECISION**

Presently before the Court is Plaintiff Wells Fargo Bank, N.A., as trustee for Aegis Asset Backed Securities Trust Mortgage Pass-Through Certificates Series 2004-4's Complaint for quiet title and for declaratory judgment. A trial was scheduled to be held on June 29, 2017. On June 26, 2017, the parties filed a Stipulation of Facts. On June 29, 2017, the parties who appeared, Plaintiff and Party-In-Interest Bell, relied on the Stipulation of Facts and presented closing arguments to the Court. For the following reasons, the Court grants Judgment to the Defendant and Parties-in-Interest on Plaintiff's Complaint.

## I.    BACKGROUND

The relevant background underlying the present dispute is derived from the Stipulation of Facts and Documents submitted by both parties, which can be briefly summarized as follows. Party-in-interest, Nancy Bell, and Helen Fonsell received a loan for $ 77,300.00, and signed a Note dated July 10, 2004. The note listed Aegis Lending Corporation as the lender. Ms. Bell and Ms. Fonsell also executed a mortgage on July 10, 2004, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee of Aegis, securing the property located at 499 Wilson Street in Brewer, Maine ("Property"). Also on July 10, 2004, Ms. Bell and Ms. Fonsell signed an adjustable rate rider, which provided for a fluctuating interest rate on the note.

Unfortunately, Ms. Fonsell passed away in 2006. On April 11, 2012, Ms. Bell signed a "Home Affordable Modification Agreement" which, *inter alia*, recognized that Ms. Bell was experiencing financial difficulties, modified the maturity date of the loan, and changed the total amount due to $ 137,094.41. It was again recited that MERS was "acting solely as a nominee of the lender." On January 31, 2013, MERS purported to assign the mortgage in question to Wells Fargo Bank NA., the plaintiff in this case.

Plaintiff filed its Complaint on January 20, 2016, seeking quiet title and declaratory judgment. The original mortgagee, Aegis Lending Corporation, as well as MERS, Nancy Bell, Stillwater Health Care, Inc., Emera Maine f/k/a Bangor Hydro-Electric Company, and the Maine Department of Transportation have all been served. Only Party-In-Interest, Nancy Bell, has filed an answer or otherwise appeared in this matter.

2

## II. DISCUSSION

As a threshold matter, Plaintiff's demand for quiet title is inappropriate in the present proceedings. Maine law makes a quiet title action available to "a person in possession of property... or a person who has conveyed such property... [and has been] in uninterrupted possession of such property for 4 years or more. . . ." 14 M.R.S. § 6651. As stated by the Court in *United States Bank*, quiet title actions are "vehicles to confirm legal title to real estate, not to adjudicate ownership interests in a mortgage, which secures the right to payment under the note instrument." *United States Bank v. Decision One Mortg. Co.*, CV-15-65, 2016 Me. Super. LEXIS 173, at * 6 (July 26, 2016), (citing to 14 M.R.S. §§ 6651-6658).

Moving on to Plaintiff's request for declaratory judgment, declaratory judgment actions are also governed by statute. 14 M.R.S. §§ 5951-5963. The Declaratory Judgment Act permits courts to "declare rights, status and other legal relations" if declaration will "terminate the controversy or remove an uncertainty." 14 M.R.S. §§ 5953, 5957 (2015). To "satisfy the controversy requirement, the case must be ripe for judicial consideration and action." *Wagner v. Secretary of State*, 663 A.2d 564, 567 (Me. 1995) ("Ripeness concerns the fitness of the issue for judicial decision and the hardship to the parties of withholding court consideration.").

This case is unlike a typical declaratory judgment action, such as where a court is called upon to declare the location of a boundary line and the court's decision terminates the controversy. In this case, if Plaintiff fails to establish its ownership of the mortgage, the controversy will continue. Therefore, it is doubtful that this action for a declaratory judgment is proper. *See, e.g., United States Bank Nat'l Ass'n v. Decision One Mortg. Co.*, No.

3

RE-2016-115, 2016 Me. Super. LEXIS 227, at *4 (Nov. 21, 2016) ("In the current case, it is not apparent that a determination by the Court as to whether Plaintiff owns the mortgage will remove uncertainty. If the Court determines that Plaintiff does not own the mortgage, the remaining parties would still be free to litigate the ownership of the mortgage."); *Fannie Mae v. America's Wholesale Lender*, No. RE-15-068, 2016 Me. Super. LEXIS 37, at *3 (Mar. 1, 2016); *United States Bank Trust, N.A. v. Accredited Home Lenders*, No. CV-15-228, 2017 Me. Super. LEXIS 60, at *4 (May 2, 2017).

However, even if a declaratory judgment action were appropriate, Plaintiff's still cannot prevail on its complaint. Addressing the substance of Plaintiff's arguments, Plaintiff argues that under 33 M.R.S. § 508, the assignment from MERS to Plaintiff is presumed to be valid.[1] However, 33 M.R.S. § 508 only applies to final foreclosure judgments. *See also*

---

[1] 33 M.R.S. § 508 provides:

**1. Authority presumed.** A person or entity that is named as nominee to hold a mortgage for another person or entity, in an instrument creating or assigning the mortgage, is presumed to have the authority to execute an assignment, partial release, discharge or other instrument that affects the title to the mortgaged property unless the person or entity on whose behalf the nominee is named:

    A. Explicitly negates such authority within the instrument in which the nominee is named; or
    B. Executes a separate instrument that explicitly negates such authority and that is recorded in the registry of deeds within the county or district in which the mortgaged property is located.

**2. Instrument valid.** An assignment, partial release, discharge or other instrument affecting the title to mortgaged property or any interest in the property that is otherwise valid and that is executed by a nominee mortgagee with authority as provided in subsection 1 is valid even if the assignment, partial release, discharge or other instrument does not state the authority of the nominee mortgagee to take the action.

**3. Statement not a limitation of authority.** A statement in an instrument described in this section to the effect that, for purposes of recording, the nominee mortgagee is the mortgagee of record, or any statement of similar meaning, may not be considered to be a limitation upon the authority of the nominee mortgagee.

**4. Application.** This section applies exclusively to any discharge or partial release issued prior to the effective date of this section, whether made by a nominee mortgagee or by a subsequent assignee; to discharges or partial releases issued on or subsequent to the effective date of this section, whether made by a nominee mortgagee or by a subsequent assignee; and to any assignment or other instrument affecting title to a mortgaged property *that is the subject of a foreclosure judgment or other legal judgment affecting title to a mortgaged property* for which, as of the effective date of this

4

*United States Bank v. Decision One Mortg. Co.*, CV-15-65, 2016 Me. Super. LEXIS 173, * 4 n.4 (July 26, 2016) (stating that the plaintiff relied upon 33 M.R.S. § 508 "for the proposition that the Maine legislature recognizes MERS's presumption of authority to assign all interests in a mortgage to a successor in interest. That section, however, applies to assignments subject to a final foreclosure judgment. . . Section 508 is inapplicable to the present case.") (citations omitted); *Bank of N.Y. Mellon v. First Magnus Fin. Corp.*, CV-15-172, 2016 Me. Super. LEXIS 132, at * 2 n.1 (July 5, 2016) (The "Bank cites 33 M.R.S. § 508 for the proposition that the Maine legislature recognizes MERS's presumption of authority to assign all interests in a mortgage to a successor in interest. That section, however, applies to assignments subject to a final foreclosure judgment. . . The statute does not apply here.") (citations omitted); *Tamir v. United States*, 566 B.R. 278, 281 (D. Me. 2016) ("After Greenleaf, the Maine Legislature enacted new legislation clarifying the authority of nominee mortgagees like MERS to execute assignments, discharges, and partial releases. . .(codified at 33 M.R.S. § 508 (Pamph. 2015) (applying only to assignments that are the subject of a final foreclosure judgment).").

Plaintiff next argues that Ms. Bell does not have standing to challenge the assignment from MERS to Plaintiff. The Court finds that the mortgagor has a legally enforceable interest in the mortgage entitling her to enforce its terms. In this case, this interest is sufficient to provide Ms. Bell with standing to challenge the mortgage assignment.[2] Furthermore, this argument was presented to the Law Court in the plaintiff's

---

section, either the period for appeal has run with no appeal having been filed or all rights of appeal have been exhausted. (emphasis added).

[2] This argument was also considered and rejected by the Maine District Court (Cumberland, *Woodman, J.*). *Deutsche Bank Nat'l Trust Co. v. Home Funds Direct*, No. RE-15-10 (Me. Dist. Ct., Cumberland, July 5, 2017) ("[A mortgagor] has a legally enforceable interest in the mortgage, entitling him to enforce its terms. [The

brief in *Greenleaf* (Bell ex. 1 at 13), and was not successful. In *Greenleaf*, the mortgagor challenged the assignment from MERS. The Law Court considered the mortgagor's challenge, and did not hold that the mortgagor lacked standing to challenge the mortgage assignment. (*See* Bell ex. 1 at 13.); *Greenleaf*, 2014 ME 89, 96 A.3d 700.

Moving to the final issue in this case, Plaintiff states that it has met the requirements in *Greenleaf* and has established its ownership in the mortgage. In *Greenleaf*, the Law Court held that an assignment by MERS, acting as nominee, was insufficient to convey ownership rights in the mortgage (as necessary to foreclose on the property), and that a MERS assignment transferred the right to record the mortgage and nothing more. *Greenleaf*, 2014 ME 89, ¶¶ 14-17, 96 A.3d 700. In *Greenleaf*, the plaintiff provided evidence of a note endorsed in blank. *Id.* ¶ 11. Plaintiff also offered into evidence "the original mortgage, a mortgage assignment, and a certification of a merger." *Id.* ¶ 13. Despite this evidence, the Law Court found that the plaintiff had not met its burden to prove ownership of the mortgage. *Id.* ¶¶ 13-17. Specifically, the Court noted that proof of the original mortgage only established the fact that the borrowers had executed a mortgage on the property; that the MERS assignment only transferred the right to record the mortgage; and that notwithstanding evidence of the plaintiff's ownership of the note, the plaintiff did not establish ownership of the mortgage. *Id.*

To the extent that Plaintiff argues that its *possession* of the original mortgage is sufficient to establish ownership of the mortgage, the Court does not agree. In *Greenleaf*, the Law Court stated that possession of the note was sufficient to establish ownership of

---

mortgagor's] interest remains whether Plaintiff attempts to assert an ownership interest in the mortgage through a complaint for foreclosure or, as here, through a complaint for declaratory judgment.").

6

the note, because the note is a negotiable instrument and governed under Maine's Uniform Commercial Code. *See Greenleaf*, 2014 ME 89, ¶¶ 10-11, 96 A.3d 700 (stating that "Section 3-1301 permits a party to enforce a note if it is the 'holder' of the note, that is, if it is in possession of the original note that is indorsed in blank.") The mortgage, however, is not a negotiable instrument. *Id.* ¶ 12 ("Thus, whereas a plaintiff who merely holds or possesses—but does not necessarily own—the note satisfies the note portion of the standing analysis, the mortgage portion of the standing analysis requires the plaintiff to establish *ownership* of the mortgage."). Thus, the Law Court in *Greenleaf* made clear that possession of mortgage is not sufficient to establish ownership of the mortgage.

As the Law Court has addressed and rejected the proof provided by Plaintiff in this case, the Court does not find that Plaintiff is the owner of the mortgage. *See also United States Bank Trust, N.A. v. Accredited Home Lenders*, CV-15-228, 2017 Me. Super. LEXIS 60, at *5 (May 2, 2017) ("The court cannot decide here that the holder of the mortgage note, as a transferee of MERS as nominee for defendant mortgagee, is the owner of the mortgage as beneficiary of an equitable trust held by defendant without contradicting the Law Court's determination in *Greenleaf*.").

The Entry is:

1) The Court declines to declare that Plaintiff owns the mortgage in question and therefore Judgment is entered for the Defendant and Parties-In-Interest on Plaintiff's Complaint for quiet title and declaratory judgment.

2) This Order shall be incorporated into the docket by reference pursuant to M.R. Civ. P. 79.

Dated: July 13, 2017

Ann M. Murray, Justice
Superior Court

7